UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BMO BANK N.A., a national banking association, as Administrative Agent,

                          Plaintiff,

-against-

SAILORMEN, INC., a Florida Corporation,

                          Defendant.
-------------------------------------------------------X

Case No. 1:25-cv-10146

**ANSWER TO COMPLAINT**

Sailormen, Inc. ("Defendant"), by and through its undersigned counsel, hereby responds to the Complaint (the "Complaint") of Plaintiff BMO Bank N.A. ("Plaintiff") as follows.[1]

1. Paragraph 1 of the Complaint does not assert a question of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Admits that Plaintiff and Defendant are parties to a certain Credit Agreement[2] and Security Agreement and deny all other allegations in Paragraph 2 of the Complaint.

3. Denies the allegations in Paragraph 3 of the Complaint.

4. Denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint does not assert a question of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

---

[1] To the extent the headings and subheadings in the Complaint are intended to constitute factual allegations, Defendant denies the allegations.

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint. Defendant refers the Court to the applicable documents for their precise terms.

8. Admits that Defendant is incorporated in the State of Florida and deny the other allegations in Paragraph 8 of the Complaint.

9. Admits that Defendant is the owner and operator of certain restaurants and is party to certain franchise agreements with Popeyes Louisiana Kitchen, Inc., and denies all other allegations contained in Paragraph 9 of the Complaint. Defendant refers the Court to the applicable franchise agreements for their precise terms.

10. Paragraph 10 of the Complaint asserts questions of law for which no response is required. Defendant respectfully refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint asserts questions of law for which no response is required. Defendant respectfully refers all questions of law to the Court. Defendant refers the Court to the applicable documents for their precise terms. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint asserts questions of law for which no response is required. Defendant respectfully refers all questions of law to the Court. Defendant refers the Court to the applicable documents for their precise terms. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Admits that Defendant entered into a certain Credit Agreement as alleged in Paragraph 13 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

14. Admits that Defendant entered into a certain Credit Agreement as alleged in Paragraph 14 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

15. Admits that Defendant entered into a certain First Amendment as alleged in Paragraph 15 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

16. Admits that Defendant entered into a certain Second Amendment as alleged in Paragraph 16 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

17. Admits that Defendant entered into a certain Agency Transfer Agreement as alleged in Paragraph 17 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

18. Admits that Defendant entered into a certain Third Amendment as alleged in Paragraph 18 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

19. Admits that Defendant entered into a certain Fourth Amendment as alleged in Paragraph 19 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

20. Admits that Defendant entered into a certain Fifth Amendment as alleged in Paragraph 20 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

21. Admits that Defendant entered into a certain Sixth Amendment as alleged in Paragraph 21 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

22. Admits that Defendant entered into a certain Seventh Amendment as alleged in Paragraph 22 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

23. Admits that Defendant entered into a certain Security Agreement as alleged in Paragraph 23 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

24. Admits that Defendant entered into a certain Security Agreement as alleged in Paragraph 24 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

25. Admits that Defendant entered into a certain Security Agreement as alleged in Paragraph 25 of the Complaint and refers the Court to the terms of such agreement for the precise terms thereof.

26. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint and refers the Court to the applicable documents for the precise terms thereof.   Defendant respectfully refers all questions of law to the Court.

27. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 27 of the Complaint.

28. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 28 of the Complaint.

29. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 29 of the Complaint.

30. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 30 of the Complaint.

31. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 31 of the Complaint.

32. Defendant refers the Court to the applicable documents for the precise terms thereof, and denies the other allegations in Paragraphs 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. With respect to Paragraph 34 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

35. With respect to Paragraph 35 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

36. With respect to Paragraph 36 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

37. With respect to Paragraph 37 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the

Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

38. With respect to Paragraph 38 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

39. With respect to Paragraph 39 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

40. With respect to Paragraph 40 of the Complaint, Defendant admits that certain Events of Default have occurred under the terms of the Credit Agreement, respectfully refers the Court to the respective documents for the precise terms thereof, respectfully refers all questions of law to the Court, and denies the other allegations contained therein.

41. Denies the allegations in Paragraphs 41 of the Complaint.

42. With respect to Paragraph 42, Defendant admits that Plaintiff served certain purported notices of default and reservation of rights letters, and refers the Court to the applicable documents for the precise terms thereof.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. With respect to Paragraph 44, Defendant refers the Court to the documents for the precise terms thereof.  To the extent required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Admits that Defendant and Plaintiff have engaged in certain discussions regarding the Credit Agreement and terms thereof, and denies the other allegations in Paragraph 45 of the Complaint including the characterization of the discussions therein.

46. Admits that Defendant and Plaintiff have engaged in certain discussions regarding the Credit Agreement and terms thereof, and denies the other allegations in Paragraph 46 of the Complaint including the characterization of the discussions therein.

47. Admit that Defendant engaged Capital Insight as its financial advisor and denies the other allegations in Paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, except admits that Defendant and its advisors engaged in discussions with, among others, G2 regarding a potential restructuring under the Credit Agreement.

49. Admits that Defendant and Plaintiff have engaged in certain discussions regarding the Credit Agreement and terms thereof, and denies the other allegations in Paragraph 49 of the Complaint including the characterization of the discussions therein.

50. Admits that Defendant engaged Capital Insight to act as financial advisor which included providing services related to potential sale of certain assets of Defendant, and denies the other allegations in Paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Admits that Defendant operates certain restaurants and is party to certain franchise agreements with Popeyes Louisiana Kitchen Inc., and denies the other allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraphs 54 of the Complaint.

55. Denies the allegations in Paragraph 55 of the Complaint.

56. Denies the allegations in Paragraphs 56 of the Complaint.

57. Denies the allegations in Paragraph 57 of the Complaint.

58. Denies the allegations in Paragraph 58 of the Complaint and respectfully refers the Court to the applicable documents for the precise terms thereof.

59. Denies the allegations in Paragraphs 59 of the Complaint

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61. Denies the allegations in Paragraph 61 of the Complaint.

62. Denies the allegations in Paragraph 62 of the Complaint.

**AS AND FOR DEFENDANT'S
RESPONSES TO COUNT I**

63. Repeats, realleges and reasserts each and every response to the allegations in Paragraphs 1-62 of the Complaint as if more fully set forth herein at length.

64. Denies the allegations in Paragraph 64 of the Complaint, except admits that certain Events of Default have occurred under the Credit Agreement, and respectfully refers the Court to the respective documents for the precise terms thereof.

65. Denies the allegations in Paragraph 65 of the Complaint and respectfully refers the Court to the respective documents for the precise terms thereof.

66. Denies the allegations in Paragraph 66 of the Complaint and respectfully refers the Court to the respective documents for the precise terms thereof.

67. Denies the allegations in Paragraph 67 of the Complaint.

68. Denies the allegations in Paragraph 68 of the Complaint.

69. Denies the allegations in Paragraph 69 of the Complaint.

**AS AND FOR DEFENDANT'S
RESPONSES TO COUNT II**

70. Repeats, realleges and reasserts each and every response to the allegations in Paragraphs 1-69 of the Complaint as if more fully set forth herein at length.

71. Admits that Defendant entered into that certain Credit Agreement, denies all other allegations in Paragraph 71 of the Complaint, and respectfully refers the Court to the respective documents for the precise terms thereof.

72. Denies the allegations in Paragraph 72 of the Complaint, except admits that certain Events of Default have occurred under the Credit Agreement, and respectfully refers the Court to the respective documents for the precise terms thereof.

73. Denies the allegations in Paragraph 73 of the Complaint and refers the Court to the respective documents for the precise terms thereof.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Denies the allegations in Paragraph 75 of the Complaint.

76. Denies the allegations in Paragraph 76 of the Complaint and respectfully refers the Court to the respective documents for the precise terms thereof.

**AS AND FOR DEFENDANT'S
RESPONSES TO COUNT III**

77.	Repeats, realleges and reasserts each and every response to the allegations in Paragraphs 1-76 of the Complaint as if more fully set forth herein at length.

78.	Paragraph 78 of the Complaint asserts questions of law for which no response is required. Defendant respectfully refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

79.	Paragraph 79 of the Complaint asserts questions of law for which no response is required. Defendant respectfully refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80.	Admits the allegations in Paragraph 80 of the Complaint and respectfully refers the Court to the applicable documents for their precise terms thereof.

81.	In response to Paragraph 81 of the Complaint, Defendant refers the Court to its responses to Paragraphs 33-41 of the Answer. To the extent required, Defendant denies the allegations in Paragraph 81 of the Complaint.

## AFFIRMATIVE DEFENSES

82.	As and for separate defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

### First Affirmative Defense

83.	The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

84.	Plaintiff's claims for relief are barred, in whole or in part, by its failure to mitigate damages.

### Third Affirmative Defense

85.     Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and/or ratified the conduct alleged to have been wrongful in the Complaint.

### Fourth Affirmative Defense

86.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

87.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Defense

88.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

89.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Affirmative Defense

90.     The relief sought in the Complaint is barred, in whole or in part, because any loss or damage sustained by Plaintiff was occasioned by the acts, omissions, and/or conduct of persons and/or entities over whom Defendant exercises no control.

### Reservation of Rights

91.     Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defenses.

### DEMAND FOR TRIAL BY JURY

Defendant demands a jury trial on all issues so triable.

Dated: January 7, 2026                              Respectfully submitted,

/s/*John E. Jureller, Jr.*
Tracy L. Klestadt
John E. Jureller, Jr.
**Klestadt Winters Jureller**
**Southard & Stevens, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
(212) 972-3000

*Attorneys for Defendant*
*Sailormen, Inc.*